BASIL B. HOPKINS and ROBERT HULL *vs.* DANIEL
KENT.

The non-joinder, as defendant, of a *secret* or *dormant* partner, unknown to
the plaintiffs, is no ground of *abatement* of a suit against the other
partners.

APPEAL from the Circuit Court for Calvert county.

*Assumpsit*, brought on the 17th of June 1853, by the ap-
pellants against the appellee and one Leonard C. Leitch, who
was returned *non est.*

The cause of action was a promissory note for $400, drawn
by L. C. Leitch & Co., in favor of Sewell, Janney & Owens,
and by them endorsed to the plaintiffs.

The defendant, Kent, pleaded in abatement the non-joinder
of a certain Richard G. Mackall, who, it was alleged, was
one of the partners of the firm of I. C. Leitch & Co.

The case was tried upon issue joined upon this plea, and a
single exception was taken to the ruling of the court (BREWER,
J.) in granting a prayer on the part of the defendant, and re-
fusing part of an instruction asked for by them, all of which,
together with the evidence in the cause, is sufficiently stated
in the opinion of this court. The verdict and judgment were
in favor of the defendant, and the plaintiffs appealed.

The cause was argued before LE GRAND, C. J., BARTOL
and GOLDSBOROUGH, J. .

*A. B. Hagner*, for the appellants, argued:

1st. That the evidence cannot be regarded as proving that
Mackall was more than a *dormant* or *secret partner* of this
firm. The burden of proof in this issue is on the defendant.
6 *New Hamp.*, 518, *Jewett vs. Davis.* 2 *H. & G.*, 171,
*Mitchell vs. Dall. Coll. on Part.*, sec. 4. In fact, the evi-
dence set forth in the exception seems insufficient to go to the
jury to prove that he was even a dormant partner.

2nd. But if the evidence does show that Mackall was a
*dormant* or *secret* partner, his non-joinder as defendant is not

cause for an abatement of the suit. *Carey on Part.*, 127. *Gow on Part.*, 216. *Coll. on Part.*, secs. 713, 719. 2 *Taunt.*, 327, *Mawman vs. Gillett.* 2 *Eng. C. L. Rep.*, 416, *Baldney vs. Ritchie.* 20 *Eng. C. L. Rep.*, 398, *De Mautort vs. Saunders.* 22 *Eng. C. L. Rep.*, 259, *Mullett vs. Hook.* 20 *Verm.*, 106, *Hagar vs. Stone.* 18 *Ill.*, 37, *Page vs. Brant.*

*C. S. Parran*, for the appellee, argued:

1st. That the defendant's prayer was properly granted, because the non-joinder of Mackall, as a defendant, was fatal to the plaintiffs' right of recovery against the defendant, Kent. 2 *Greenlf's Ev.*, sec. 24. 1 *Chitty's Pl.*, 46. *Coll. on Part.*, sec. 633.

2nd. That the latter clause of the plaintiffs' prayer was superfluous, and calculated to mislead the jury. If Mackall was an *actual* partner, he could not have been a *secret* or *dormant* partner.

BARTOL, J., delivered the opinion of this court:

The cause of action in this case is a promissory note, drawn by L. C. Leitch & Co., in favor of Sewell, Janney & Owens, and endorsed to the plaintiffs.

The suit was instituted against Leonard C. Leitch and Daniel Kent, the former of whom was returned "*non est.*" The defendant, Kent, pleaded in abatement the non-joinder of a certain Richard G. Mackall, who, it is alleged, was one of the partners of the firm of L. C. Leitch & Co.

At the trial, evidence was produced tending to prove that Leitch and the defendant were partners, constituting the firm, and also some evidence tending to prove that Richard G. Mackall was also a partner of the firm.

Upon this evidence the court, at the instance of the defendant, instructed the jury "that if, from the evidence, they believed that Richard G. Mackall was a member of the firm of Leonard C. Leitch & Co., at the time of the execution of the note in this suit, then the jury should find for the defendant under the issue."

And the plaintiffs asked the following instruction: "That unless the jury shall find, from the evidence, that Richard G. Mackall was an actual partner of the firm of L. C. Leitch & Co., at the time the note sued upon was executed, the plaintiffs are entitled to recover upon the present issue. [That evidence that the said Mackall was a *secret* or *dormant* partner of that firm at the time, is not sufficient to establish such actual partnership under the present issue."]

The first part of this prayer was admitted by the defendant; but the court refused to grant the latter part, between brackets.

In the opinion of this court, there was error in thus ruling. There was evidence in the cause, proper for the consideration of the jury, tending to prove that Mackall (if a partner of the firm) was only a secret or dormant partner, unknown to the plaintiffs; and if the jury so find, then, according to the authorities, the non-joinder of Mackall was no ground of abatement. See 2 *Greenlf's Ev.*, secs. 25, 134. *Coll. on Part.*, sec. 719. *De Mautort vs. Saunders,* 20 *Eng. C. L. Rep.,* 410. *Mullett vs. Hook,* 22 *Eng. C. L. Rep.,* 259. *Mitchell vs. Dall,* 2 *H. & G.,* 171, 172.

Many more authorities might be cited, establishing the proposition we have stated. The instruction given to the jury was, therefore, erroneous, and the plaintiffs were entitled to have the direction asked for by them given to the jury. The words *"actual partner,"* in this prayer, were obviously used as the opposite to *secret* or *dormant* partner; the usual and correct terms are *ostensible* or *active* partner; construing the prayer as if these words had been used, it properly states the law of the case, and ought to have been granted.

*Judgment reversed and procedendo ordered.*